No. DA 06-0147

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 1N

_____

STATE OF MONTANA,

      Plaintiff and Respondent,

    v.

FRANCIS BOHAGER,

      Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, Cause No. DC 05-307,
The Honorable Holly Brown, Presiding Judge.


COUNSEL OF RECORD:

      For Appellant:

          Casey R. Moore, Gallatin County Public Defender's Office, Bozeman,
          Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; Tammy K. Plubell, Assistant
          Attorney General, Helena, Montana

          Marty Lambert, Gallatin County Attorney; John Worsfold, Deputy County
          Attorney, Bozeman, Montana

_____

Submitted on Briefs:  December 13, 2006

Decided:  January 3, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Francis Bohager (Bohager) appeals from the District Court's rejection of his challenge to the validity of an Order of Protection during his criminal trial on charges of violating the Order of Protection. Gallatin County Justice Court issued a temporary Order of Protection on February 23, 2005, based upon the sworn affidavits and petitions of Melody Harvey Bliese (Melody) and Averee Elizabeth Bliese (Averee). The Justice Court issued an order to show cause why the temporary Order of Protection should not continue as an Order of Protection and scheduled a hearing for March 14, 2005. Bohager received service of the temporary Order of Protection and Order to Show Cause on February 23, 2005.

¶3 Melody and Averee appeared for the show cause hearing, but Bohager failed to appear. The Justice Court concluded at the end of the hearing that Melody and Averee were in danger of harm and that good cause existed to make the temporary Order of Protection a permanent Order of Protection. Bohager received personal service of the permanent Order of Protection on March 21, 2005. The Order of Protection required Bohager to stay 300 feet away from Melody, Averee, and Alexis Bliese. Bohager made

no effort to challenge the validity of the Order of Protection.

¶4    The State charged Bohager in Justice Court with violation of an order of protection, a misdemeanor, in violation of § 45-5-626, MCA.  Bohager waived his right to a jury trial in Justice Court.  The Justice Court held a bench trial on October 28, 2005, and found Bohager guilty of a violation of Order of Protection.  The Justice Court sentenced him on November 4, 2005, to 135 days in jail and gave him credit for the time he already had served.  Bohager filed a notice of appeal requesting a trial *de novo* in District Court.  The District Court scheduled a jury trial for January 27, 2006.

¶5    On December 9, 2005, Bohager filed a motion to dismiss the charge against him based upon his claim of the invalidity of the underlying Order of Protection.  He asserted that the Justice Court had granted the Order of Protection in violation of his rights to due process, freedom of religion, and freedom of association.  Bohager also argued for the first time that the Justice Court never should have granted the Order of Protection.  The State filed a response and the District Court conducted a hearing on January 17, 2006.  The District Court denied the motion on the grounds it was not proper to review the terms or restrictions contained in the Order of Protection that were not at issue in the criminal case, particularly when Bohager had failed to pursue available civil remedies.  The court likewise found that Bohager's failure to pursue available civil remedies precluded it from considering his challenges to the underlying Order of Protection based upon alleged constitutional due process violations in the context of the criminal proceeding.  The jury convicted Bohager of a violation of the Order of Protection and the District Court sentenced him to 167 days at the Gallatin County Detention Center and gave him credit

3

for 167 days already served.  Bohager filed a timely notice of appeal.

¶6     Bohager makes similar arguments on appeal in arguing the District Court erred in failing to consider his challenges to the underlying Order of Protection.  He contends that he has a fundamental constitutional right to present a defense and that his defense was based upon the fact that the underlying Order of Protection was invalid.  He alleges the District Court's failure to review the validity of the underlying Order of Protection violates his right to due process and also tenets of fundamental fairness in criminal proceedings.  The State counters that Bohager failed to raise many of these constitutional claims before the Justice Court.

¶7     The District Court's decision to grant or deny a motion to dismiss in a criminal case constitutes a question of law.  We review conclusions of law to determine if they are correct.  *State v. Baker*, 2004 MT 393, ¶ 12, 325 Mont. 229, ¶ 12, 104 P.3d 491, ¶ 12. We have determined to decide this case pursuant to Section I, paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  It is manifest on the face of the briefs and record before us that the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶8     We affirm the judgment of the District Court.

/S/ BRIAN MORRIS

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JOHN WARNER

4